ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-147 |
| | ) | |
| GARY HUTCHINS, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Jefferson County Law Enforcement Center ("the Jail") in Louisville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any

---

[1] Plaintiff initially filed the above-captioned case under 42 U.S.C. § 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. "The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government." Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 64 (D.R.I. 2003). Thus, Plaintiff may not receive relief under § 1983. Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following individuals as Defendants: (1) Gary Hutchins, Sheriff of Jefferson County, and (2) Edward J. Tarver, the United States Attorney for the Southern District of Georgia.[3] (Doc. no. 1, pp. 1, 4). Plaintiff states that he was previously permitted to proceed *pro se* in a separate criminal action before the Honorable J. Randall Hall, United States District Judge, in which he was charged with bank robbery and interstate transportation of a stolen motor vehicle. (Doc. no. 1, pp. 5-6); see also United States v. Smith, CR 309-009 (S.D. Ga. Apr. 9, 2009) (hereinafter "CR 309-009"). Plaintiff further states that before his trial, his stand-by counsel, Matthew L. Waters, delivered to him "over 3,000 pages of discovery evidence, along with 6 DVD's of surveillance video." (Doc. no. 1, p. 5).

According to Plaintiff, the Jail does not provide "any access to legal materials or [other] information to inmates." (Id.). Plaintiff contends that his lack of access to "any type of books, case law, video medium, etc." hindered his ability to prepare for trial. (Id.). Plaintiff further alleges that he inquired from multiple individuals, including various

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

[3]While Plaintiff describes Defendant Tarver as the "Attorney General" in his complaint (doc. no. 1, pp. 1, 4), Defendant Tarver is actually the United States Attorney for this District. The **CLERK** is **DIRECTED** to change the docket accordingly.

2

members of the Jail staff, the undersigned, Judge Hall, and Mr. Waters, about access to a law library and other resources, all to no avail. (Id.). Plaintiff contends that as a result of the lack of access to a law library and legal materials, he was unprepared for trial. (Id. at 6). On September 23, 2009, a jury convicted Plaintiff on both charges. (Id.); see also CR 309-009, doc. no. 61.

Plaintiff specifically states that he is suing Defendant Hutchins because there is no law library or access to legal material at the Jail. (Doc. no. 1, p. 6). Plaintiff further states that he is suing Defendant Tarver because while Plaintiff was remanded to his custody, Defendant Tarver failed to ensure that the Jail provides access to legal materials. (Id.). Finally, Plaintiff states that he is suing both Defendants for discrimination, because according to Plaintiff, there is a "direct correlation" between the "overwhelming" number of minorities housed at the Jail and "the lack of research materials" made available to such inmates. (Id. at 7). Plaintiff requests various forms of injunctive and monetary relief. (Id. at 8).

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a viable claim for relief. Plaintiff essentially claims that even though he waived his right to court-appointed counsel prior to trial, he was constitutionally entitled to access to a law library and legal materials to prepare his defense. Notably, Plaintiff raised this same issue in his criminal case as a basis for his motion for a new trial, which Judge Hall denied. See CR 309-009, doc. nos. 70, 82.

It is of course true that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Thus, prisoners are entitled to legal research materials *or* assistance from persons trained in the law. Id. Here, Plaintiff was provided counsel but nevertheless elected to proceed *pro se*. See CR 309-009, doc. no. 46 (noting Plaintiff's election to waive his right to counsel and proceed *pro se*). Though the Eleventh Circuit has not addressed this issue specifically, other courts to address it in the context of civil rights actions have found that where an individual elects to represent himself in a criminal prosecution, he is not constitutionally entitled to access to a law library or legal materials. See Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (*per curiam*) ("[H]aving rejected the assistance of court-appointed counsel, [the plaintiff] had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"); see also Green v. Kile, No. 605-CV-129, 2006 WL 1805849, at *4 (S.D. Ga. June 29, 2006) (noting that the plaintiff, who had apparently been provided counsel and had elected to proceed *pro se* in his criminal case, had no right to access to the prison law library or other legal materials); Bell v. Hopper, 511 F. Supp. 452, 453 (S.D. Ga. 1981) (finding that an inmate who had elected to proceed *pro se* in a criminal action had to "abide by the consequences of [his] choice"-the lack of access to an adequate law library-because prison officials should not be held liable "for the consequences of [the plaintiff's] own deliberate choice").

The same conclusion has been reached by courts that have addressed this issue on appeals from criminal convictions. See United States v. Taylor, 183 F.3d 1199, 1205 (10th Cir. 1999) ("[A] prisoner who voluntarily, knowingly and intelligently waives his right to

counsel in a criminal proceeding is not entitled to access to a law library or other legal materials."); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) (finding that the government did not have to "provide access to a law library to defendants in criminal trials who wish to represent themselves"); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978) (finding that the government satisfied its Sixth Amendment obligation when it offered assistance of counsel, after which the government had no obligation to provide access to a prison library).

As alluded to above, Plaintiff was provided with court-appointed counsel and proceeded with counsel for three months before electing to proceed *pro se*. See CR 309-009, doc. nos. 37, 38, 46. Notably, upon receiving a letter from Plaintiff in his criminal case that he wanted to relieve his court-appointed counsel, the undersigned conducted an *in camera* hearing to ensure that his decision was made with the knowledge of the consequences of his decision. See Faretta v. California, 422 U.S. 806, 835 (1975) (noting that before waiving the right to counsel, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (citation omitted)); see also Strozier v. Newsome, 871 F.2d 995, 997 (11th Cir. 1989). At the August 27th hearing, the undersigned made Plaintiff aware that the consequences of proceeding *pro se* in his criminal case would put him at a distinct disadvantage, emphasizing the fact that Mr. Waters would not be able to assist in drafting the legal content of the proposed voir dire and requests to charge the jury.[4] Stated differently,

---

[4]Although no transcript of the *in camera* hearing has been transcribed, the Court is in possession of an audio recording of the hearing, which it has carefully reviewed.

Plaintiff was aware, or should have been aware, at the time he waived his right to court-appointed counsel that he would no longer have access to the legal materials that Mr. Waters had access to and that his access to such materials would be limited to those provided at the Jail.

Thus, the Court finds persuasive the reasoning of those courts to address the issue presented in this case, including at least two opinions from this District, and finds that Plaintiff was not entitled to access to an adequate law library or other legal materials, having voluntarily waived his right to counsel with knowledge of the consequences of his decision. In providing Plaintiff with counsel, the government complied with its constitutional obligations, and Plaintiff must "abide by the consequences" of his choice to represent himself in his criminal prosecution. Bell, 511 F. Supp. at 453.

Finally, to the extent Plaintiff contends that other inmates at the Jail have been discriminated against because of an allegedly inadequate law library, Plaintiff does not have standing to raise claims regarding the violation of others' rights. Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes, then, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." (internal quotation omitted)). Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.[5]

SO REPORTED and RECOMMENDED this 20th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]As Plaintiff's complaint fails to state a claim upon which relief may be granted, his motion for expert services should be **DENIED** as **MOOT**. (Doc. no. 8).