IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| NATHAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-147 |
| | ) |
| GARY HUTCHINS, Sheriff, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his complaint, Plaintiff contended that his rights had been violated because he had been denied access to an adequate law library at the Jefferson County Law Enforcement Center ("the Jail") after electing to proceed *pro se* in his underlying criminal case, even though Plaintiff had been provided counsel. (See doc. no. 1, pp. 5-6). In addressing these claims, the Magistrate Judge discussed several opinions from various courts, including two opinions from this District, which found that where an individual elects to represent himself in a criminal prosecution, he is not constitutionally entitled to access to a law library or legal materials. (See doc. no. 9, p. 4 (citations omitted)). The Magistrate Judge also noted that Plaintiff had raised this same issue in his criminal case as a basis for his motion for a new trial, which the undersigned denied. (Id. at 3 (citing United States v. Smith, CR 309-009, doc. no. 82 (S.D.

Ga. Dec. 9, 2009)). Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice. (Id. at 7).[1]

As noted above, Plaintiff has filed objections to the Report and Recommendation. However, none of those objections change the Court's opinion with respect to the Report and Recommendation, and all of those objections are **OVERRULED**. That said, Plaintiff has also filed a motion to amend his complaint since the Magistrate Judge issued his recommendation. (Doc. no. 13). In his motion to amend, Plaintiff states that he wants to add claims regarding deficiencies in the ventilation system at the Jail, which he states does not work properly. (Id. at 2-3). Plaintiff also alleges that the showers in the cells at the Jail are "moist and covered with rust," which Plaintiff attributes to the alleged malfunctioning ventilation system. (Id.).

Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within the earlier of 21 days after service of the complaint, or 21 days after service of a responsive pleading or a motion filed pursuant Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Here, the Magistrate Judge recommended that Plaintiff's complaint be dismissed in its entirety because it failed to state a claim upon which relief may be granted. Thus, no Defendant has been served in this case, and Plaintiff may amend his complaint once as matter of course. Accordingly, Plaintiff's motion to amend is **MOOT** (doc. no. 13), and the Court construes his motion to amend as an amended complaint.

---

[1] The Magistrate Judge also recommended that Plaintiff's claim that other inmates at the Jail have been discriminated against because of an allegedly inadequate law library, as Plaintiff was without standing to raise claims regarding the violation of others' rights. (See doc. no. 9, p. 6 (citing Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005))).

2

A review of Plaintiff's amended complaint reveals that he has named the following individuals as Defendants: (1) Gary Hutchins, the Sheriff of Jefferson County, and (2) Edward J. Tarver, the United States Attorney for the Southern District of Georgia. (Doc. no. 13, p. 1). However, nowhere in the statement of his claim does Plaintiff mention Defendant Hutchins or Defendant Tarver or explain how they are responsible for the alleged deficiencies in the ventilation system and the alleged problems with the showers at the Jail. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation connecting the named Defendants with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, Plaintiff's complaint and amended complaint are **DISMISSED** for failure to state a claim upon which relief may be granted, his motion for expert services is **DENIED** as **MOOT** (doc. no. 8), and this civil action is **CLOSED**.

SO ORDERED this 18th day of March, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE